# Napier v. Godfrey et al.

Jan. 12, 1940.

Napier & Napier for appellant.

T. E. Moore, Jr., for appellees.

OPINION OF THE COURT BY JUDGE TILFORD—Dismissing appeal.

On October 5, 1938, an appeal was granted by the Clerk of this Court upon the filing of certified copies of two orders entered by the Perry Circuit Court on July 21, and July 22, 1938, respectively. The first of these orders recites:

> "The defendant, The Ashland Oil & Refining Company, having heretofore filed a general demurrer to the plaintiff's petition and the court being duly advised, said demurrer is ordered sustained to which ruling of the court the plaintiff excepts. Thereupon the plaintiff asks leave to file an amended petition and the court grants that request until motion hour July 21, 1938."

The second order reads:

> "The defendant, The Ashland Oil and Refining Company, having filed a motion to set aside a temporary restraining order which was issued in this action without notice and the motion coming on to

be heard, the plaintiff and the defendant announced ready. Thereupon the evidence was introduced orally which evidence was taken down by the reporter in shorthand and the court having considered the evidence, the pleadings, and exhibits said motion to set aside said restraining order is sustained and said restraining order is now set aside and held for naught to which ruling of the court the plaintiff excepts, and prays an appeal to the Court of Appeals, which is granted.''

On the same day, October 5, 1938, a supersedeas bond was executed in the Clerk's office of this Court attempting to supersede the two orders referred to and a supersedeas was issued thereon.

An order sustaining a demurrer to a petition is not a final order, and hence is not appealable. Moreover, we find in the transcript of the record that on July 22, 1938, the plaintiff, appellant here, filed an amended petition to which the original demurrer was extended, and that ''the Court having considered same, orders said demurrer overruled. to which ruling of the Court defendant excepts.''

The only method by which a restraining order granted by a circuit judge prior to the rendition of a final judgment may be brought before this Court for review is prescribed by Sections 296, 297, Civil Code of Practice.

The anomalous procedure adopted by appellant in seeking relief from the alleged wrongs inflicted upon him in the Court below is wholly unexplained by his counsel. Nor is it criticised by counsel for appellees. On the contrary, we are asked to determine numerous questions of fact and law raised in the trial forum. This, we must decline to do, as it is apparent from the record before us that the Circuit Court has as yet entered no judgment or order which we have jurisdiction to review.

Appeal dismissed.